UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don Jordan Bryant, ) | |
| ) | C/A No. 4:16-124-RBH-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Florence County Detention Center, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is a civil action filed *pro se* by a state inmate about events which occurred while he was incarcerated at a local detention center. The plaintiff has brought suit against the Florence County Detention Center. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

1

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." The Florence County Detention Center is a group of buildings or a facility. Inanimate objects (such as buildings, facilities, and grounds) do not act under color of state law. Hence, the Florence County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp.

2

1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

It is noted that Plaintiff does not name any potentially liable individuals in his Complaint, which complains that he slipped on a puddle of water outside of the shower and fell. It appears that Plaintiff's allegations are intended to state a claim for damages pursuant to 42 U.S.C. § 1983 for unconstitutional conditions of confinement. Because at the relevant time Plaintiff was a pretrial detainee, his claims are evaluated under the Fourteenth Amendment rather than the Eighth Amendment, which is used to evaluate conditions of confinement for those convicted of crimes. *See City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). Unlike convicted inmates, pretrial detainees have not been adjudicated guilty of a crime and may not be subjected to any form of "punishment." *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir.1988). Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense. *Hill v. Nicodemus,* 979 F.2d 987, 991 (4th Cir.1992) (citing *Bell v. Wolfish,* 441 U.S. 520, 537, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979))." '[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Moore v. Winebrenner,* 927 F.2d 1312, 1316 (4th Cir.1991) (quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters,* 989 F.2d 1375, 1379 (4th Cir.1993) (quoting *Williams v. Griffin,* 952 F.2d 820, 824 (4th

Cir.1991)).

Here, Plaintiff has failed to show that any defendant was deliberately indifferent to the conditions he alleges. *See Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk). The Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir.1995). Courts have routinely held that slip and fall cases do not implicate the Constitution. *See, e.g., Bacon v. Carroll,* 232 F. App'x 158, 160 (3d Cir.2007) (holding a prisoner's assertion that prison officials failed to warn him of a wet floor stated a claim of mere negligence and not a constitutional violation); *Reynolds v. Powell,* 370 F.3d 1028, 1031–32 (10th Cir.2004) (holding slippery conditions arising from standing water in a prison shower was not a condition posing a substantial risk of serious harm, even where the inmate was on crutches and had warned prison employees that he was at a heightened risk of falling); *Beasley v. Anderson,* 67 F. App'x 242 (5th Cir.2003) (holding a prisoner's claim that he slipped and fell on a slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); *Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir.1996) (holding "an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *LaMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir.1993) ("[S]lippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."(quotations and citations omitted)). Instead, slip and fall cases articulate state law tort claims at best. Plaintiff's claims in the present case fail the first prong of the analysis because a slippery floor does not constitute a denial of necessities to meet the first objective prong of a

4

conditions of confinement claim. A slippery floor also does not amount to punishment in the constitutional sense. Accordingly, Plaintiff's conditions of confinement claim is subject to summary dismissal. *See generally, Aiken v. Colleton Cty. Det. Ctr.*, 2012 WL 4100122, at *4 (D.S.C. Aug. 6, 2012) report and recommendation adopted, 2012 WL 4104789 (D.S.C. Sept. 18, 2012) aff'd, 511 F. App'x 275 (4th Cir. 2013). Since there are no other potential federal claims evident from the face of the Complaint, this case is subject to summary dismissal without service of process. *See Stevenson v. Whetsel,* 52 F. Appx. 444 (10th Cir.2002).

## RECOMMENDATION

Accordingly, it is recommended that the district court summarily dismiss the Florence County Detention Center from the above-captioned case without prejudice and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) (essentially a redesignation of "old" 1915(d)); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Even assuming that Plaintiff could identify a person amenable to suit under Section 1983, it is alternatively recommended that this case be summarily dismissed for the reasons set forth above.

The plaintiff's attention is directed to the Notice on the next page.

|  |  |
|---|---|
| February 19, 2016 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).